Sale by the widow, of the only work beast left by deceased husband, tho' made in ignorance of the rights of herself and children, is not void, but passes her interest, and whilst annulled by an offer to cancel & restore the consideration, is a bar to a *joint* action of herself and children.

## Graham *vs* Bettis *et al.*

### ERROR TO THE GARRARD CIRCUIT.

*Widow & Heirs.    Joint action.    Work beast.    Assets. Tenants in common.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

IT seems to this Court that the Circuit Judge erred in rendering judgment for eighty dollars damages for the conversion of a horse, as assessed against the plaintiff in error in favor of the defendants in error, who claimed title to the horse as the widow and and children of Royal H. Bettis, deceased; for though, in virtue of the statute exempting the horse from sale under execution, as the only work beast of the decedent, and the statute of 1821, declaring that such property should not be *assets* in the hands of his personal representatives, but should vest immediately in his "*widow and heirs*," according to their respective rights under the statute of distributions, the defendants in error had, at his death, a legal title to the horse, as tenants in common, nevertheless, the widow having afterwards sold and delivered it to the plaintiff in error, she and her children could not maintain a joint action; and even if, as assumed by the Circuit Judge in an instruction to the jury, she might be entitled to exoneration from her contract on the ground of her alleged ignorance of her legal right, when she sold the horse, still she had no cause of action in *trover* unless she had, within reasonable time, offered to rescind the agreement and restore the price she had received, whereby a possession otherwise legal might have been converted into one which, after a vacation of the sale and a demand of restitution, might have been deemed tortious.

Wherefore, the Circuit Judge erred in overruling the motion for a non-suit and also instructing the jury that the defendants in error might recover the entire value of the horse, without any proof of an offer by the widow to rescind her contract, because, even if the children could, in this joint action with their mother, have been entitled

to recover the value of their two thirds, even then there was error in adjudging against the plaintiff in error the whole assessed value of the horse.

The judgment must, therefore, be reversed and the cause remanded for a new trial

*Turner* for plaintiff: *Owsley* for defendants.